USCA1 Opinion

 

 September 11, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 94-1954  UNITED STATES, Appellee, v. FREDERICK J. BONAMO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Lynch, Circuit Judges. ______________ ____________________ Frederick J. Bonamo on brief pro se. ___________________ Colleen M. Rooney on brief for appellant. _________________ Donald K. Stern, United States Attorney, and Michael J. Pelgro, ________________ _________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Defendant Frederick J. Bonamo appeals __________ his sentence under the Sentencing Guidelines. He was sentenced to nine years imprisonment and three years supervised release following a valid plea agreement. This agreement, made under Fed. R. Crim. P. 11(e)(1)(C), included a specific sentence of 10 years incarceration and three years supervised release, and provided that the government would move to dismiss a pending indictment. As a result of the agreement, defendant pled guilty to an information charging him with violating 18 U.S.C. 922(d)(3) and 18 U.S.C. 371. By so doing, he avoided going to trial on the indictment which would have exposed him to a 15-year mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C.  924(e). The government argues that defendant's appeal is barred by 18 U.S.C. 3742(c)(1). A defendant may appeal a final sentence pursuant to 3742(a). When a defendant agrees to a negotiated plea that contains a specific sentence, however, 3742(c)(1) provides that he or she "may not file a notice of appeal under paragraph (3) or (4) of subsection (a) unless the sentence imposed is greater than the sentence set forth in such agreement. . . ."1 Obviously, defendant's sentence is lower  ____________________ 1. Section 3742(a)(3) permits a defendant to appeal a sentence greater than the applicable guideline range and  3742(a)(4) permits the appeal of a plainly unreasonable sentence for an offense for which there is no guideline. than the 10-year sentence stated in the plea agreement. We therefore have no jurisdiction to review this sentence.2 See United States v. Prieto-Duran, 39 F.3d 1119, 1120 (10th ___ _____________ ____________ Cir. 1994). Defendant attempts to avoid the ban contained in  3742(c) by arguing that his sentence was imposed in violation of the law or as the result of an incorrect application of the sentencing guidelines -- appeals permitted by  3742(a)(1) and (a)(2) respectively. His claim is premised on the fact that his sentence represents an upward departure from the guideline range for the offenses to which he pled guilty. Specifically, he contends that the district court erred in basing the enhanced sentence on convictions as to which he had had his civil rights restored pursuant to 18 U.S.C. 921(a)(20) (a "conviction . . . for which a person . . . has had civil rights restored shall not be considered a conviction"). We reject this argument for the following reasons.  ____________________ 2. The government could have filed an appeal because the sentence is lower than the one to which it had agreed. 18 U.S.C. 3742(c)(2). See, e.g., United States v. Mukai, 26 ___ ____ _____________ _____ F.3d 953 (9th Cir. 1994) (government appealed the refusal by the district court to allow it to withdraw from a plea agreement when the court imposed a sentence lower than that contained in the agreement); United States v. Skidmore, 998 _____________ ________ F.2d 372 (6th Cir. 1993) (government appealed the district court's imposition of a sentence which did not order forfeiture as the parties had specified). Because the government does not pursue an appeal, however, we need not address the correctness of the sentence in this case. -3- First, no matter how defendant phrases this issue, it still concerns an appeal of a sentence within 3741(a)(3) -- that is, one that is "greater than the sentence specified in the applicable guideline range." The fact is that defendant received the benefit of his bargain and avoided the possibility of a 15-year sentence. "This is precisely the type of appeal which is barred by 18 U.S.C. 3742(c)(1)." Prieto-Duran, 39 F.3d at 1120 (where a sentence is within the ____________ plea agreement, no appeal will lie even though the sentence is an upward departure from the guideline range). Second, the plea agreement provided for an upward departure on the ground that defendant's criminal history category under the Guidelines did not adequately reflect the seriousness of his past criminal conduct. The parties thus agreed to an upward departure based on 4A1.3: If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range. Such information includes "prior sentence(s) not used in computing the criminal history category." 4A1.3(a). Defendant's argument is premised on the definition of a conviction contained in 921(a)(20) and referred to in U.S.S.G. 2K2.1 (calculating the base offense level for firearms violations). The problem with this position is that -4- 4A1.3 is not limited to "past convictions." Rather, it refers to "past criminal conduct." Certainly, defendant's _______ past convictions are evidence of criminal conduct. Moreover, there is nothing in the Guidelines or elsewhere which indicates that the kind of criminal conduct a court may consider under 4A1.3 is restricted in the way defendant suggests. Thus, the district court did not err in the calculation of the upward departure defendant received. Defendant's other claim is that the district court failed to state with sufficient specificity the grounds for the upward departure as required by 18 U.S.C. 3553(c)(2). We disagree. First, the plea agreement obligated the district court to enhance defendant's sentence and the agreement specified the reason for the upward departure -- defendant's criminal history category did not adequately reflect the seriousness of his past criminal conduct or the likelihood that he would continue to commit crimes. The district court not only iterated this at the sentencing hearing, but also observed that defendant often ended up back in prison after being released, that the absence of criminal activity usually was because defendant was incarcerated and that there were other criminal charges currently pending against defendant. We believe that this is a "reasoned justification" for its decision and plainly is adequate for appellate review. See United States v. Emery, 991 F.2d 907, ___ _____________ _____ -5- 913 (1st Cir. 1993) (the district court need not explain in "mathematical or pseudo-mathematical terms each microscopic choice made in arriving at the precise sentence"). Further, it is obvious from the record as a whole in this case why the court ordered an upward departure. See United States v. ___ _____________ Quinones, 26 F.3d 213, 219 (1st Cir. 1994) (we will uphold a ________ departure decision where "an explanation can fairly be implied from the record as a whole"). The judgment of the district court is summarily _________ affirmed. See Local Rule 27.1. ________ ___ -6-